IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01782-PAB

BRETT CANDELARIA,

    Applicant,

v.

DEAN WILLIAMS, Executive Director, C.D.O.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DISMISS IN PART AND FOR ANSWER

Applicant Brett Candelaria is a prisoner in the custody of the Colorado Department of Corrections. Mr. Candelaria has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No. 1, challenging the validity of his conviction in District Court for the City and County of Denver, Colorado, Case Number 08CR4421.

On June 28, 2019, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On July 31, 2019, Respondents filed their Pre-Answer Response, Docket No. 11, arguing that claim two in the Application should be dismissed. On August 19, 2019, Mr. Candelaria filed Applicant's Reply to Respondents' Pre-Answer Response, Docket No. 12.

The Court must construe the Application and other papers filed by Mr. Candelaria liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Candelaria was convicted by a jury of multiple counts of sexual assault and attempted sexual assault on a child as well as contributing to the delinquency of a minor. He was sentenced to an indeterminate term of thirty-six years to life in prison. On July 3, 2013, the Colorado Court of Appeals affirmed the judgment of conviction. *See* Docket No. 11-3. On August 18, 2014, the Colorado Supreme Court denied Mr. Candelaria's petition for writ of certiorari on direct appeal. *See* Docket No. 11-4.

On December 15, 2014, Mr. Candelaria filed in the trial court a postconviction motion for sentence reconsideration. *See* Docket No. 11-1 at 16. On April 14, 2015, the trial court denied that motion. *See id.*

On February 10, 2016, Mr. Candelaria filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. *See id.* On September 6, 2016, the trial court denied the Rule 35(c) motion. *See id.* at 15. On May 9, 2019, the Colorado Court of Appeals affirmed the trial court's order. *See* Docket No. 11-6.

Mr. Candelaria asserts five claims in the Application. In claim one, he contends his constitutional rights to an impartial jury and a fair trial were violated because the trial

2

court failed to excuse for cause two jurors who allegedly were biased.  In claim two, he contends his constitutional right to a fair trial was violated when the trial court admitted evidence of prior bad acts in violation of Colorado state law.  Mr. Candelaria contends in claim three that his constitutional right to a fair trial was violated by prosecutorial misconduct.  In claim four, he contends there was insufficient evidence to support certain convictions in violation of his constitutional rights.  Finally, Mr. Candelaria contends in claim five that trial counsel was constitutionally ineffective by failing to consult with and/or call a defense expert, failing to object to prosecutorial misconduct, failing to present an adequate defense as promised in his opening statement, and failing to call exculpatory witnesses.

## II. ONE-YEAR LIMITATION PERIOD

Respondents do not argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

## III. EXHAUSTION OF STATE REMEDIES

Respondents do not argue that Mr. Candelaria failed to exhaust state remedies for claims one, three, four, and five.  However, Respondents argue that claim two was not fairly presented to the state courts as a federal constitutional claim and is not exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  See *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been

4

exhausted does not satisfy this burden.   See *Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Candelaria presented claim two to the Colorado Court of Appeals on direct appeal as a state law claim.   In particular, he argued in his opening brief that evidence of prior bad acts was admitted at his trial in violation of the Colorado Rules of Evidence and *People v. Spoto*, 795 P.2d 1314 (Colo. 1990).   *See* Docket No. 11-2 at 19-34.   At one point within the lengthy state law argument, Mr. Candelaria did cite the Fifth and Fourteenth Amendments to the United States Constitution to support the proposition that the prohibition against propensity evidence "goes to the heart of due process." Docket No. 11-2 at 22.   However, he did not make any reasoned argument that his federal constitutional right to due process was violated by admission of evidence of prior bad acts.

The Court agrees with Respondents that Mr. Candelaria failed to present claim two to the state courts as a federal constitutional claim.   Simply put, Mr. Candelaria's conclusory reference to the federal constitution in support of claim two in his opening brief on direct appeal does not satisfy the fair presentation requirement.

> A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights.   Moreover, to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to

5

eviscerate the exhaustion requirement.

*Wilder v. Cockrell,* 274 F.3d 255, 260 (5th Cir. 2001); *see also Zuniga v. Falk,* 618 F. Appx. 407, 411(10th Cir. 2015) (conclusory references to a fair trial and the federal Constitution at the tail end of a state law argument are "insufficient to put the state court on notice that [the applicant] was raising a federal constitutional claim"); *Cole v. Zavaras,* 349 F. Appx. 328, 331 (10th Cir. 2009) (finding claims were not presented as federal constitutional claims where prisoner "states in a conclusory fashion that the alleged error violated his federal constitutional rights, but he cites no federal case law to support those claims and does little to connect the claim[s] with the rights he alleged were violated.") In a similar context, the Supreme Court has concluded that "a general appeal to a constitutional guarantee as broad as due process [is not sufficient] to present the 'substance' of such a claim to a state court." *Gray v. Netherland,* 518 U.S. 152, 163 (1996).

In addition to arguing that claim two was fairly presented as a federal constitutional claim in his opening brief, Mr. Candelaria asserts that Respondents did not submit copies of his reply brief or his petition for writ of certiorari and he does not know how the claim was presented to the state courts in those briefs. The Court need not review the reply brief and petition for writ of certiorari because the failure to present claim two as a federal constitutional claim in the opening brief is dispositive. Under Colorado law, raising a claim for the first time in a reply brief does not satisfy the fair presentation requirement. *See Ponis v. Hartley*, 534 F. App'x 801, 804-05 (10th Cir. 2013) (finding claim raised only in reply brief was not properly presented to the

Colorado Court of Appeals); *Bethurum v. Zavaras*, 352 F. App'x 260, 263-64 (10th Cir. 2009) (same). Similarly, raising a claim for the first time in a petition for writ of certiorari does not satisfy the fair presentation requirement because Colorado state appellate courts do not review issues that were not raised in the lower courts. *See People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal.").

For these reasons, Mr. Candelaria fails to demonstrate he has exhausted state remedies for claim two.

## IV. PROCEDURAL DEFAULT

The Court may not dismiss claim two for failure to exhaust state remedies if Mr. Candelaria no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Respondents contend Mr. Candelaria no longer has an adequate and effective state remedy available to him because claim two is subject to an anticipatory procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that, even if an unexhausted claim has not actually been raised and rejected by the state courts on a procedural ground, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule). More specifically, Respondents assert that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure prevents Mr. Candelaria from returning to state court to raise the claim in a new postconviction motion. Rule 35(c)(3)(VII) provides that, with limited exceptions not applicable to Mr. Candelaria, the state court must dismiss any claim that could have been presented in a

7

prior appeal or postconviction proceeding.

Federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it "was firmly established and regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009) (internal quotation marks omitted).

Mr. Candelaria fails to demonstrate or even argue that Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure is not an independent and adequate state procedural rule. In any event, the Court finds that the rule is independent because it relies on state rather than federal law. Rule 35(c)(3)(VII) also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494-95 (Colo. App. 2010) (applying Crim. P. Rules 35(c)(3)(VI) and (VII) to reject claims that were or could have been raised in a prior proceeding); *see also LeBere v. Abbott*, 732 F.3d 1224, 1233 n.13 (10th Cir. 2013) (noting that several unpublished cases have indicated Colorado's rule barring claims that could have been raised previously is an independent and adequate state ground precluding federal habeas review). Therefore,

8

claim two is procedurally defaulted and cannot be considered unless Mr. Candelaria demonstrates cause and prejudice or a fundamental miscarriage of justice. *See Jackson*, 143 F.3d at 1317.

To demonstrate cause for his procedural default Mr. Candelaria must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Candelaria can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Mr. Candelaria's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice to overcome a procedural default. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Candelaria argues that he can demonstrate cause for any procedural default of claim two because, if the claim was not raised as a federal constitutional claim on direct appeal, the failure to do so was caused by ineffective assistance of counsel. In certain instances, ineffective assistance of counsel can constitute cause to excuse a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

However, Mr. Candelaria cannot demonstrate cause to excuse a procedural default premised on ineffective assistance of counsel unless the ineffective assistance of counsel claim first is raised as an independent constitutional claim in state court. *See id.* The Court's review of Mr. Candelaria's opening brief in the state court Rule 35(c) postconviction proceedings reveals that he did not fairly present any claim that counsel on direct appeal was ineffective. Therefore, he cannot rely on direct appeal counsel's alleged ineffectiveness to demonstrate cause.

Mr. Candelaria also fails to demonstrate or even argue that a fundamental miscarriage of justice will result if the Court does not consider the merits of claim two. As a result, claim two is procedurally barred and will be dismissed for that reason.

## V. CONCLUSION

In summary, claim two will be dismissed because the claim is unexhausted and procedurally barred. Accordingly, it is

**ORDERED** that claim two in the Application is dismissed. It is further

**ORDERED** that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims. It is further

**ORDERED** that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED September 16, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge